**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| v. ) | Criminal Action No. 22-cr-00040-LKG |
| ) | |
| NOEL REYES, JR., ) | Dated: April, 21, 2025 |
| ) | |
| Defendant. ) | |

**MEMORANDUM OPINION AND ORDER ON
THE DEFENDANT'S MOTION TO REDUCE SENTENCE**

The Defendant *pro se*, Noel Reyes, Jr., has filed a motion to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 821. ECF No. 263. This motion is fully briefed. ECF Nos. 263 and 340. No hearing is necessary to resolve this motion. *See* L.R. 105.6 (D. Md. 2023). For the reasons that follow, the Court **DENIES** the Defendant's motion to reduce sentence.

## I.     BACKGROUND AND PROCEDURAL HISTORY

The Defendant *pro se*, Noel Reyes, Jr., is currently serving a 72-month sentence, after having been convicted of conspiracy to distribute and possess with intent to distribute a controlled substance, in violation of 21 U.S.C. § 846, and possession with intent to distribute a controlled substance, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(B)(ii). *See generally* ECF No. 204.

As background, on February 3, 2022, a Federal Grand Jury sitting in the District of Maryland issued an Indictment charging the Defendant with conspiracy to distribute and possess with intent to distribute a controlled substance, in violation of 18 U.S.C. § 841(b)(1). ECF No. 122. The parties subsequently entered into a Plea Agreement, pursuant to which the Defendant agreed to waive indictment and pleaded guilty to a Superseding Information charging him with one count of conspiracy to distribute and possess with intent to distribute a controlled substance, in violation of 21 U.S.C. § 846 (Count 1), and one count of possession with intent to distribute a controlled substance, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(B)(ii) (Count 2). ECF Nos 162 and 183.

The presentence report ("PSR") states, and the parties agree, that the base offense level for this offense is 32. ECF No. 192 at ¶ 27; ECF No. 183 at ¶ 6(a). A two-level enhancement applies, because a firearm was possessed by the Defendant. ECF No. 192 at ¶ 28; ECF No. 183 at ¶ 6(b). In addition, there is a three-level reduction to the base offense level for acceptance of responsibility, resulting in a final total offense level of 31. ECF No. 192 at ¶¶ 34-36.

The PSR also provides that the Defendant's criminal history score is zero. ECF No. 192 at ¶ 40. And so, the PSR provides that the applicable Sentencing Table of the Guidelines at the time of sentencing place the Defendant in criminal history Category I. *Id.* And so, with an offense level of 31 and a criminal history Category I, the applicable Sentencing Guidelines range at the time was 108-135 months imprisonment. *Id.* at ¶ 68.

The Court held a sentencing hearing on January 4, 2023. ECF No. 200. During the sentencing hearing, the Court adopted the Guidelines calculations in the PSR. ECF Nos. 200 and 205. But the Court imposed a variance sentence that fell within the range agreed to by the parties pursuant to Fed R. Crim. P. 11(c)(1)(C) and sentenced the Defendant to 72 months of imprisonment for each count, to run concurrently, to be followed by a four-year period of supervised release. ECF No. 204.

On December 11, 2023, the Defendant filed a motion to reduction sentence pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 821. ECF No. 263. On November 15, 2024, the Government filed a response in opposition to the Defendant's motion. ECF No. 340.

The Defendant's motion having been fully briefed, the Court resolves the pending motion.

## II.   LEGAL STANDARDS

### A. Amendment 821

Amendment 821 changed the application of the United States Sentencing Guidelines with respect to certain offenders who either: (1) earned criminal history "status points" based on commission of an offense while serving a criminal justice sentence, or (2) presented zero criminal history points at the time of sentencing. *See* U.S.S.G. amend. 821. Part A of this amendment amends Section 4A1.1 of the Guidelines to strike the two status points previously assessed under Section 4A1.1(d) for defendants who committed their offense while under any criminal-justice sentence, including probation, parole, supervised release, imprisonment, work release or escape status. *Id.* at Part A. Part A also adds a new subsection (e) that adds one

criminal-history point for any defendant who receives seven or more points and who committed his offense while under any criminal-justices sentence as described above. *Id.*

Lastly, Part B of this amendment amends Section 4C1.1 to decrease a defendant's offense level by two levels if the defendant is a "zero-point offender." U.S.S.G. § 4C1.1(a). To be a zero-point offender, a defendant must have, among other things, not possessed a firearm or other dangerous weapon in connection with the offense. U.S.S.G. § 4C1.1(a)(7). Inmates may bring motions seeking a reduction in sentence based upon these new Guidelines provisions under 18 U.S.C. § 3582(c)(2). *See United States v. Stiep*, No. 3:18-CR-00311, 2024 WL 761897 (W.D.N.C. Feb. 21, 2024).

### III.  ANALYSIS

The Defendant has moved to reduce his sentence, pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 821, upon the grounds that he is a zero point offender and the 18 U.S.C. § 3553(a) factors weigh in favor of such relief. ECF No. 263 at 1. The Government counters that the Defendant is not entitled to this relief, because: (1) the Defendant is ineligible for relief under U.S.S.G. § 4C1.1(a)(7) and (2) the 18 U.S.C. § 3553(a) factors do not support a reduction of his sentence. ECF No. 340. And so, the Government requests that the Court deny the Defendant's motion. *Id.*

For the reasons that follow, the Court agrees that the Defendant is ineligible for a sentence reduction under Amendment 821. And so, the Court DENIES the Defendant's motion to reduce sentence.

#### A.  The Defendant Is Not Eligible For A Sentence Reduction

As an initial matter, the Defendant has not shown that he is eligible for a reduction of his sentence under Amendment 821. Part B of Amendment 821 amends U.S.S.G. § 4C1.1 to decrease a defendant's offense level by two levels, if the defendant is a "zero-point offender." U.S.S.G. § 4C1.1(a). To be a zero-point offender, the Defendant must have, among other things, not possessed a firearm or other dangerous weapon in connection with the offense. U.S.S.G. § 4C1.1(a)(7). In this case the PSR and the Plea Agreement make clear that the Defendant possessed a firearm during the commission of the offenses at issue. ECF No. 183 at ¶ 6(b); ECF No. 192 at ¶ 28. Given this, the Defendant is not eligible for a sentence reduction under Amendment 821. U.S.S.G. § 4C1.1(a).

The Court also agrees with the Government that the applicable Section 3553(a) factors weigh against reducing the Defendant's sentence. *See United States v. Wiggins*, 2020 WL 4436373, at *3 (D. Md. Aug. 3, 2020) (To be entitled to relief under Section 3852(c)(2), the Defendant must show, among other things, that the factors set forth in 18 U.S.C. § 3553(a) countenance a reduction in his sentence.). Here, the evidence before the Court shows that the nature of the Defendant's offenses is quite serious, because he stands convicted of conspiracy to distribute and possess with intent to distribute a controlled substance, in violation of 21 U.S.C. § 846, and possession with intent to distribute a controlled substance, in violation of 21 U.S.C. § 841(a)(1). ECF No. 204. The Defendant also possessed a firearm in connection with these offenses. ECF No. 192 at ¶¶ 12 and 28.

The 72-month variance sentence that the Court imposed in this case appropriately reflects the serious nature of these offenses and this sentence will help deter similar conduct and promote a respect for the law. Given this, the Court will not disturb the sentence imposed by the Court. And so, the Court DENIES the Defendant's motion to reduce sentence.

## IV.  CONCLUSION

For the foregoing reasons, the Court **DENIES** the Defendant's motion to reduce sentence (ECF No. 263).

**IT IS SO ORDERED.**

s/Lydia Kay Griggsby
LYDIA KAY GRIGGSBY
United States District Judge